
**FILED**
**FEBRUARY 17, 2009**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

JOHN D. FAILS, PRO SE, §
also known as §
JOHN D. FAILS, JR. §
also known as §
JOHN DANIEL FAILS, JR., §
TDCJ-CID No. 1335587, §
Previous TDCJ-CID No. 1330335, §
 §
    Plaintiff, §
 §
v. § 2:08-CV-0222
 §
HERMAN WESTON, JR., §
Senior Warden, §
 §
    Defendant. §

## REPORT AND RECOMMENDATION

    Plaintiff JOHN D. FAILS, also known as JOHN D. FAILS, JR., acting *pro se* and while a prisoner incarcerated in the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-referenced defendant and has been granted permission to proceed *in forma pauperis*.

    Plaintiff states he requested that criminal charges be filed against two of the defendant's officers and claims the defendant violated his Fourteenth Amendment right to Equal Protection.

    Plaintiff provides absolutely no further details concerning his claim.

    Plaintiff requests punitive damages and unspecified injunctive relief.

## JUDICIAL REVIEW

    When a prisoner confined in any jail, prison, or other correctional facility brings a civil

action seeking redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915(A). A *Spears* hearing need not be conducted for every *pro se* complaint[2]. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).

The Magistrate Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

**THE LAW AND ANALYSIS**

As to plaintiff's claim under the United States Constitution, there is no constitutional right to have a person criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). The determination of whether to bring charges, and the filing of such charges, usually falls under the duties of a prosecutor, not a prison warden. Nevertheless, even if defendant WESTON had the authority to decide whether or not to pursue criminal charges, plaintiff cannot assert a claim against him on this basis because he would be entitled to "prosecutorial immunity for acts constituting an integral part of the judicial process." *Oliver v. Collins*, 904 F.2d 278 (5th Cir. 1990)(inmate claiming county sheriff's failure to press criminal charges against officers involved in alleged assault deprived him of various constitutional rights).

Plaintiff's claim for relief lacks an arguable basis in law and is frivolous. *Neitzke v.*

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

*Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

To state a claim upon which relief may be granted, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Bell Atl. Corp. v. Twombly*, _____ U.S. _____, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Plaintiff has alleged no facts to state an equal protection claim and, therefore, has failed to state a claim on which relief can be granted.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(c)(1), it is the RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff JOHN D. FAILS, also known as JOHN D. FAILS, JR., be DISMISSED WITH PREJUDICE AS FRIVOLOUS AND WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.

As to plaintiff's claim asserted under the Texas Constitution, it is the FURTHER RECOMMENDATION of the Magistrate Judge to the United States District Judge that the Court decline to exercise pendant jurisdiction of any state law claim asserted and that such claim be DISMISSED WITHOUT PREJUDICE. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Corwin v. Marney, Orton Investments*, 843 F.2d 194, 200 (5th Cir.1988).

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of February, 2009.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).